```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELAINE CHAO, Secretary of Labor,
United States Department of Labor,

                        Plaintiff,              01-CV-6356T

                                                DECISION
                v.                              and ORDER

EMERALD CAPITAL MANAGEMENT, LTD.,
a Corporation, and WILLIAM ROBERT
GOODHUE, Individually and as President,

                        Defendants.
_____
```

INTRODUCTION

Plaintiff Elaine Chao, the Secretary of Labor for the United States Department of Labor, brings this action against defendants Emerald Capital Management, Ltd., and William Robert Goodhue claiming that the defendants violated the Employee Retirement Income Securities Act by excessively trading securities held by various pension plans for which defendant Goodhue was the investment advisor. The defendants have raised several defenses, including a statute of limitations defense.

In December, 2003, United States Magistrate Judge Jonathan Feldman determined that the statute of limitations defense was not facially frivolous, and ordered the parties to complete discovery on the limitations issues. Judge Feldman ordered that once discovery was complete on the limitations issues, the defendant

could file a motion for summary judgment based on the statute of limitations defense.

Since Judge Feldman issued his Scheduling Order, the parties have had numerous discovery disputes requiring his intervention. On May 4, 2004, defendants filed a motion to compel discovery from the plaintiffs seeking the reopening of several depositions on grounds that the Department of Labor wrongfully withheld and delayed production of documents responsive to defendants interrogatories and requests for production. Defendants also sought the production of documents pursuant to a non-party subpoena served on Richard Ennis, an outside expert who consulted with the Department of Labor, and the reopening of Mr. Ennis' deposition. Finally, defendants sought the production of an alternate Rule 30(b)(6) witness and an award of attorney's fees.

By Order dated March 15, 2005, Judge Feldman denied defendants' motion to compel. Thereafter, on March 29, 2005 defendants' filed objections to Magistrate Feldman's Order, contending that the defendants have been prejudiced by the plaintiff's improper conduct during discovery, and that Judge Feldman's failure to grant the motion to compel was not only clearly erroneous, but actually rewarded the plaintiff for engaging in improper discovery conduct.

"Pursuant to 28 U.S.C. § 636(b)(1), a magistrate's decision and order on a nondispositive issue should be reviewed by the district judge according to the clearly erroneous standard." <u>U.S. v. Longo</u>, 70 F.Supp.2d 225, 237 (W.D.N.Y. 1999)(Skretny, J.)(citing <u>United States v. Raddatz</u>, 447 U.S. 667, 673 (1980)). In the instant case, I do not find Magistrate Feldman's Order denying defendants' motion to compel to be clearly erroneous. The Magistrate noted that because there has been "exhaustive" discovery by both parties on the statute of limitations issue, neither party would be prejudiced by denying defendants' request to reopen discovery on that issue. I concur with Judge Feldman's assessment, and accordingly, affirm Judge Feldman's Decision and Order denying defendant's motion to compel.

ALL OF THE ABOVE IS SO ORDERED.

                                                      S/ Michael A. Telesca
                                                     _____
                                                      Michael A. Telesca
                                                 United States District Judge

DATED:    Rochester, New York
             August 25, 2005